The defendant appeals after he was convicted of breaking and entering in the daytime with the intent to commit a felony, assault and battery by means of a dangerous weapon, and malicious destruction of property in an amount equal to or less than $250. He raises two issues on appeal: first, that a letter he wrote from jail to the victim should not have been admitted; second, that the judge erred in refusing to give the defendant's requested missing witness instruction. We affirm.
We summarize the facts as the jury reasonably could have found them. The defendant had a history of violence towards the victim, who was his girl friend. On the occasion that underlies this case, the defendant forced his way into the victim's apartment through a locked door, struck her repeatedly causing her to fall to the ground, and stabbed her. The victim telephoned for help to nearby police, identifying the defendant and stating that he had stabbed her. The defendant was apprehended shortly thereafter with a knife in his pocket.
Approximately two months later, the defendant sent a letter he wrote to the victim in which, among other things, he stated, "I gave you a month and a half to cool down Yoi even though yall ratted on me I still love you with all my heart and I just wanna make one thing clear fuck the judge and I don't care if you take this letter to court to show the judge."
The defendant argues that the judge erred in allowing the Commonwealth's motion to admit a copy of the letter. Specifically, he contends that the letter was irrelevant, that admission of a copy violated the best evidence rule, and that the document was not properly authenticated. We are not persuaded.
"Evidence is relevant if ... it has any tendency to make a fact more or less probable than it would be without the evidence and ... the fact is of consequence in determining the action." Mass. G. Evid. § 401 (2017). The letter easily meets this test; the passage we quoted above serves to corroborate the victim's testimony both as to the timing of the attack and the defendant's role in it. Nor has the defendant shown that the relevance of the letter is substantially outweighed by unfair prejudice. See Mass. G. Evid. § 403 (2017). The fact that the defendant's own statements in the letter act against his interest is not enough to outweigh their probative value.
As an admission against interest, the letter was admissible as an exception to the hearsay rule. See Mass. G. Evid. § 804(b)(3) (2017). "When the statement of a party opponent, which is admissible as an exception to the hearsay rule, see Mass. G. Evid. § 801(d)(2)(A) (2017), happens to be contained in a writing, the proponent is not required to produce or account for the original. See Mass. G. Evid. § 1007 (2017)." Commonwealth v. Driscoll, 91 Mass. App. Ct. 474, 481 (2017). Thus, the best evidence rule does not apply to the letter at issue here.
"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Mass. G. Evid. § 901(a) (2017). Authentication is ordinarily supplied by the testimony of a witness with knowledge that the item is what the proponent represents it to be. Commonwealth v. LaCorte, 373 Mass. 700, 704 (1977). See Mass. G. Evid. § 901(b)(1). Here, the victim testified that the item was a letter written by the defendant in his own handwriting (with which she was familiar) and using mannerisms and terms unique to the defendant. As to the copy, the victim's mother, who first opened the letter after discovering it in her mailbox, brought it to a police officer, who then copied both the letter and the envelope. The copy was adequately authenticated.
Finally, we also reject the defendant's argument that the judge abused her discretion by declining to give a missing witness instruction with respect to the victim's cousin who hid in a closet during the attack. See Commonwealth v. Thomas, 429 Mass. 146, 151 (1999). See also Mass. G. Evid. § 1111(b) (2017). "In order to determine whether there has been a sufficient foundation for a missing witness instruction, we look at '(1) whether the case against the defendant is [so strong that,] faced with the evidence, the defendant would be likely to call the missing witness if innocent; (2) whether the evidence to be given by the missing witness is important, central to the case, or just collateral or cumulative; (3) whether the party who fails to call the witness has superior knowledge of the whereabouts of the witness; and (4) whether the party has a "plausible reason" for not producing the witness.' " Commonwealth v. Broomhead, 67 Mass. App. Ct. 547, 552 (2006), quoting from Commonwealth v. Ortiz, 61 Mass. App. Ct. 468, 471 (2004).
The record shows that the judge weighed and evaluated the proper foundational elements. There is nothing to suggest that the cousin had anything to offer of value to the case, let alone of value to the defendant. Moreover, the judge found that the cousin's testimony would be cumulative. Finally, the judge was entitled to rely on the prosecutor's representation that the cousin could not be located and lived outside the State.
Judgments affirmed.